IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

James Alexander,                          )    Civil Action No.:2:13-02868-RMG-WWD
                                          )
                        Petitioner,       )
                                          )    **REPORT AND RECOMMENDATION**
           v.                             )    **OF MAGISTRATE JUDGE**
                                          )
Michael McCall,                           )
                                          )
                        Respondent.       )
                                          )

        The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254.

This matter is before the Court on the Respondent's Motion for Summary Judgment.  (Dkt.

No. 14; see also Dkt. No. 13.)

        Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant

petition for relief and submit findings and recommendations to the District Court.

        The Petitioner brought this habeas action on October 15, 2013. (Dkt. No. 1.) On

January 22, 2014, Respondent filed a Motion for Summary Judgment. (Dkt. No. 14; see also

Dkt. No. 13.) By order filed January 23, 2014, pursuant to Roseboro v. Garrison, 528 F.2d

309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the

possible consequences if he failed to adequately respond to the motion. (Dkt. No. 15.)

Petitioner filed a Response in Opposition to the Motion for Summary Judgment on February

21, 2014. (Dkt. No. 17.)

## PROCEDURAL HISTORY

        The Petitioner is currently confined at Lee Correctional Institution of the South

Carolina Department of Corrections ("SCDC"). In August of 2009, the Richland County

Grand Jury indicted Petitioner for armed robbery. (Dkt. No. 13-2.) Petitioner was

represented by Mark Schnee, Esquire. (See R. at 1.) On May 11, 2010, Petitioner pled guilty

to armed robbery before the Honorable J. Michelle Childs. (See R. at 1-41.) On May 11, 2010, Petitioner was sentenced to sixteen years of imprisonment on the charge. (R. at 40.)

Petitioner did not file a direct appeal. However, on October 14, 2010, he filed an application for post-conviction relief ("PCR"). (R. at 42-46.) The following questions and answers appeared in his PCR application (verbatim):

> 9. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:
>
> > (a) Ineffective assistance of plea counsel
> >
> > (b) Involuntary guilty plea
> >
> > (c) Due Process violation
>
> 10. State concisely and in the same order the facts which support each of the grounds set out in (9):
>
> > (a) Memorandum of law will be sent once I am appointed counsel.

(R. at 43.)

On February 13, 2012, an evidentiary hearing was held before Judge Clifton B. Newman. (R. at 57-97.)[1] Petitioner was present and represented by David E. Belding, Esquire. (See R. at 57.) In a written order dated March 27, 2012, Judge Newman denied the application for post-conviction relief and dismissed the petition. (R. at 98-105.)

Petitioner, through his attorney David Alexander of the South Carolina Commission on Indigent Defense, filed a Johnson Petition for Writ of Certiorari on December 5, 2012. (See Dkt. No. 13-5.)[2] Through counsel, Petitioner raised the following issue:

> Whether petitioner's Sixth Amendment rights were violated because his attorney rendered ineffective assistance in advising petitioner to plead guilty

---

[1] That same day, Petitioner's counsel submitted a "Trial Brief" to the court. (See R. at 53-56.)

[2] See Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988).

2

when petitioner was under the influence of prescription medication, thereby rendering his guilty plea unknowing and involuntary?

(Dkt. No. 13-5 at 3 of 8.) Mr. Alexander also filed a petition to be relieved as counsel. (Dkt. No. 13-5 at 7 of 8.) In an dated filed May 16, 2013, the Supreme Court of South Carolina denied the petition and granted counsel's request to withdraw. (Dkt. No. 13-7.) The matter was remitted to the lower court on June 4, 2013. (Dkt. No. 13-8.)

Petitioner then filed the instant habeas petition, wherein he raised the following grounds for review (verbatim):

> **Ground One**: Petitioner states that the trial court illegally convicted him of armed robbery against SC Code Ann. § 16-11-330(A).
> **Supporting Facts**: Petitioner states that in accordance with the victims statement there was no weapon in the situation, no weapon was discovered, no weapon charge was brought forth. An element for armed robbery pursuant to SC Code Ann. § 16-11-330(A) is that a weapon is involved during the robbery. Violation of Petitioner (6th) and (14th) U.S.C.A., of effective counsel as plea was involuntary.
>
> **Ground Two:** Petitioner guilty plea was not "knowingly," "understandingly," "voluntarily," and "intelligently" entered.
> **Supporting Facts**: Petitioner guilty plea was not understandingly entered; as an armed robbery violation, when no weapon was used by Petitioner or the expression there of violating his life and liberty. USCA (6th) & (14th).
>
> **Ground Three**: Petitioner plea counsel was ineffective as an violation of the U.S.C.A. (6) & (14).
> **Supporting Facts**: Petitioner counsel at plea hearing was ineffective to enter Petitioner into an 16-11-330(A) armed robbery plea; as no weapon or the expression there of was used; violating Petitioner life and liberty by counsel ineffectiveness. USCA (6th) & (14th).

(Dkt. No. 1.)

## APPLICABLE LAW

### Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

3

"Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Breard v. Pruett, 134 F.3d 615, 618 (4th Cir.1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 398 (2000).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Williams, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state

court's decision." <u>Harrington v. Richter</u>, 131 S.Ct. 770, 786 (2011) (quoting <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 664 (2004)).

## DISCUSSION

As noted above, Respondent seeks summary judgment in the instant case. (<u>See</u> Dkt. No. 14; <u>see also</u> Dkt. No. 13.)   For the reasons set forth herein, the undersigned recommends that Respondent's Motion for Summary Judgment (Dkt. No. 14) be granted.

## I. Ground One

Petitioner asserts in Ground One that the "trial court illegally convicted him of armed robbery" because "[a]n element for armed robbery pursuant to S.C. Code Ann. § 16-11-330(A) is that a weapon is involved during the robbery." (Dkt. No. 1.) Petitioner states "that in accordance with the victims statement there was no weapon in the situation, no weapon was discovered, no weapon charge was brought forth." (<u>Id</u>.)

Respondent seeks summary judgement because Ground One is procedurally barred, and Respondent asserts that Ground One is without merit. (<u>See</u> Dkt. No. 13 at 14-16, 19-21.) The undersigned recommends granting summary judgment to Respondent on Ground One.[3] As a preliminary matter, Respondent is correct that Ground One is procedurally barred. "Federal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or prove that failure to consider the claims will result in a fundamental miscarriage of justice." <u>Lawrence v. Branker</u>, 517 F.3d 700, 714 (4th Cir. 2008)

---

[3]To the extent Petitioner complains that his conviction violates South Carolina law, such an argument is not cognizable on federal habeas review. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law." (quoting <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990))); <u>see also</u> 28 U.S.C. § 2254(a); <u>Smith v. Moore</u>, 137 F.3d 808, 821-22 (4th Cir. 1998) (refusing to entertain the habeas petitioner's contention that a jury instruction misstated South Carolina law).

(quoting McCarver v. Lee, 221 F.3d 583, 588 (4th Cir. 2000)); see also Coleman v. Thompson, 501 U.S. 722, 750 (1991).[4] Petitioner did not file a direct appeal, and Ground One was not raised in his PCR proceedings. Furthermore, under South Carolina law, Petitioner could not now present this claim in state court. State v. Munsch, 287 S.C. 313, 314-15, 338 S.E.2d 329, 330 (1985) ("Like a guilty plea, a plea of nolo contendere leaves open for review only the sufficiency of the indictment and waives all other defenses. Appellant waived any right to complain of the sufficiency of the evidence against him with his plea of nolo contendere." (internal citation omitted)); see also S.C. CODE ANN. § 17-27-20(A)(6) (noting that "this section [of the Uniform Post-Conviction Procedure Act] shall not be construed to permit collateral attack on the ground that the evidence was insufficient to support a conviction"); Ashley v. State, 260 S.C. 436, 438, 196 S.E.2d 501, 502 (1973). As such, Ground One is procedurally barred. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000); see also Ward v. McLeod, No. 3:01-0012-25BC, 2002 WL 31996018, at *4 (D.S.C. Apr. 18, 2002) ("When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.").

Even if not barred, however, Petitioner's claim in Ground One has no merit. As noted above, Petitioner pled guilty to the charge of armed robbery, so his "allegation of insufficiency of evidence raises no issue since his guilty plea made unnecessary any proof

---

[4]In the alternative for showing cause and prejudice, a petitioner may attempt to demonstrate a miscarriage of justice, e.g., actual innocence, Bousley v. United States, 523 U.S. 614, 623 (1998); see also Schlup v. Delo, 513 U.S. 298, 327 (1995), or abandonment by counsel. Maples v. Thomas, 132 S. Ct. 912, 924 (2012) (inquiring "whether [the petitioner] ha[d] shown that his attorneys of record abandoned him, thereby supplying the extraordinary circumstances beyond his control, necessary to lift the state procedural bar to his federal petition" (internal quotation marks and citations omitted)). Petitioner has not made any showing sufficient to overcome the procedural bar.

of the crime." <u>Younger v. Cox</u>, 323 F. Supp. 412, 414 (W.D. Va. 1971) (citing <u>Hunt v. United States</u>, 237 F.2d 267 (4th Cir. 1956)). Regardless, "a claim that evidence is insufficient to support a conviction as a matter of due process depends on 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Wright v. West</u>, 505 U.S. 277, 284 (1992) (quoting <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979)). Petitioner's complaint about his conviction for armed robbery centers on his contention that "there was no gun found." (Dkt. No. 17 at 14-15 of 22; <u>see also</u> Dkt. No. 17 at 3 of 22.) Regardless of Petitioner's contention that there was "no weapon," there is certainly evidence–sufficient to meet the standard set forth in <u>Wright</u>–that a gun was involved in the robbery. The following colloquy occurred during Petitioner's guilty plea:

> THE COURT: Okay. Now that you're pleading, you're pleading because you are, in fact, guilty; is that correct?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: That's because you did commit the offense [of armed robbery] that I just indicated?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Is that correct? There is no doubt in your mind that you committed that offense?
>
> THE DEFENDANT: I didn't–I didn't have a gun, but yes, I did. Yes, I was. I was there with them boys. Yes, I was, ma'am.
>
> THE COURT: Okay. And did you make somebody believe that–or fear that you had a gun?
>
> THE DEFENDANT: No. I was with them, but I ain't–I wasn't nowhere around–nowhere–on those grounds, but I was with them, but I was with them, but I ain't had no gun in my hand.
>
> THE COURT: And were you with somebody who had a gun?

THE DEFENDANT: Yes, ma'am.

(R. at 12-13.) When the plea judge asked whether Petitioner was "part of the armed robbery in which there was a gun," Petitioner said, "Yes, ma'am."[5] (R. at 26.) Based on the foregoing, the undersigned recommends granting summary judgment to Respondent on Ground One.

## II. Ground Two

In Ground Two, Petitioner contends that his guilty plea was not "knowingly," "understandingly," "voluntarily," and "intelligently" entered. (Dkt. No. 1.) Again asserting that "no weapon was used by Petitioner," Petitioner states that his "guilty plea was not understandingly entered." (Id.)

The PCR court thoroughly addressed this claim in the order denying the application for post-conviction relief. (See R. at 100-103.) After reviewing the substance of Petitioner's testimony and that of plea counsel, the PCR court stated,

> Based on the testimony presented at the hearing in conjunction with a thorough review of the trial transcript, the Court finds counsel was not ineffective and Applicant entered this plea voluntarily and intelligently after being fully advised by competent counsel acting within the range of reasonableness based on professional norms. Further, I find counsel's testimony to be credible while finding Applicant's testimony to be wholly incredible. The plea transcript in this instance speaks volumes as to Applicant's understanding of the charge he was facing, potential sentences, relevant accomplice liability theory and its application to these facts, and his expectations of counsel's representation. At one point during the plea, Applicant went as far to say counsel was "a very good dude" who "did his job" as his attorney. (Pl. Tr. p 15, lns 3-13). Applicant's use of medication was an issue fully and properly flushed out at the plea hearing on the record, ultimately ending with Applicant stating he was "in stable mind" and was okay to proceed with the plea hearing. (Pl. Tr. p. 4, lns 14-21; p. 5, lns 2-3). Applicant went on to admit his guilt to the charges, as well as state there in

---

[5]During the plea colloquy, Petitioner confirmed–on several occasions–that although Petitioner did not have a gun, a gun was used in robbing the victim. (R. at 12-13, 24-28.) In addition, while Petitioner points out that the victim's written statement does not mention a gun, at the plea colloquy, the victim indicated a gun was used. (See R. at 30; see also Dkt. No. 1-1 at 3 of 25.)

fact had been a third man involved in the robbery who did have a gun. (Pl. Tr. p. 5, lns 20-22, p. 23, ln 14). Based on these statements made at the plea hearing, taken in light with the testimony presented before this Court at the PCR, this Court is firmly convinced Applicant has failed to carry his burden in proving that counsel was deficient in any regard or that this plea was entered involuntarily. Applicant made the informed and voluntary decision to enter this plea to gain the benefit of the bargain in avoiding a potential life without parole sentence on a charge he readily admitted he was guilty of. Applicant's apprehension regarding the realistic possible sentence Applicant could have received at trial as relayed by counsel is not tantamount to coercion or a threat that would render the subsequent plea involuntary. Further, this Court finds Applicant has failed to sufficiently prove resulting prejudice based on these alleged deficiencies. Applicant plainly stated he entered the plea to avoid receiving a life without parole sentence at trial and in no way convinced this Court that, had counsel taken some further action, Applicant would have proceeded to trial to face such a severe sentence rather than take the benefit of a plea offer. *See* Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 303 (1985) (*With respect to guilty plea counsel, the Applicant must show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial.*) Accordingly, this Court finds Applicant has failed to carry his burden in proving either counsel was ineffective or that this plea was entered involuntarily, and therefore this application is denied and dismissed with prejudice.

(R. at 102-03.)

Respondent seeks summary judgment on Ground Two, contending that Petitioner does not meet the standard for relief set forth in § 2254(d). The undersigned agrees. "A guilty plea . . . is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). As the Supreme Court stated in Hill v. Lockhart, "[t]he longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). "In evaluating the constitutional validity of a guilty plea, 'courts look to the totality of the circumstances surrounding [it], granting the defendant's solemn declaration of guilt a presumption of

truthfulness.'" Unites States v. Moussaoui, 591 F.3d 263, 278 (4th Cir. 2010) (quoting Walton v. Angelone, 321 F.3d 442, 462 (4th Cir. 2003)).

The plea colloquy in this case reveals that Petitioner understood that he was charged with armed robbery, and that the maximum possible penalty he could receive was life without the possibility of parole. (R. at 7-9.) When asked if anyone was forcing or threatening him to plead guilty, Petitioner said, "No." (R. at 7.) Petitioner indicated he had sufficient time to consult with his attorney, and that his attorney "ha[d] gone over the evidence with [Petitioner] that the State would have had against [Petitioner] at trial." (R. at 8-9.) When the Judge asked whether Petitioner and his counsel discussed the "options of pleading and going to trial," Petitioner answered in the affirmative. (R. at 11-12.) After Petitioner stated that he "didn't have a gun," Judge Childs reviewed accomplice liability with Petitioner; Petitioner stated that he understood and had spoken with his attorney on that matter. (R. at 12-14.) Petitioner acknowledged that another person who took part in robbing the victim had a gun. (R. at 13, 24-28.) Judge Childs also reviewed the constitutional rights Petitioner was waiving by pleading guilty; Petitioner indicated he understood. (R. at 14-15.) Petitioner expressed an understanding that he was "giv[ing] up any chance to challenge, object to, or try to get the Court to discredit or suppress or throw out any of the evidence" by pleading guilty. (R. at 15.)

When Petitioner stated that his medicine was "messing with [him]," Judge Childs told Petitioner, "I need to know what you did in your words." (R. at 23-24.) Petitioner was able to appropriately respond; Petitioner stated, "When I–when we–when we seen this man, I snatched–I snatched the money out of this man–out of this man's hand . . . Dujuan . . . snatched the cell phone, and the third man had the gun in the man's face." (R. at 24; see also R. at 34.)  In addition, at the beginning of the plea colloquy, Judge Childs went over the medication Petitioner was taking. (R. at 4-6.) Petitioner indicated he was "okay to proceed with the guilty plea" and that he was "in a stable mind." (R. at 5.)

10

The undersigned recommends granting summary judgment to Respondent on Ground Two because Petitioner has not shown that the state court's adjudication of this claim resulted in a decision that was based on an unreasonable determination of the facts, or resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court. In his Response in Opposition to the Motion for Summary Judgment, Petitioner references his attorney's advice to plead guilty and states, "[I]t is clear that . . . [Petitioner] was put in an uncomfortable position to take the plea on the advise [sic] of counsel. In doing so it plainly shows that Petitioner guilty plea was not knowingly, understandingly, voluntarily, and intelligently entered." (Dkt. No. 17 at 18 of 22.) Of course, as is clear from the transcript of the plea hearing, and a review of the PCR proceedings, Petitioner *did* face the possibility of life imprisonment; the State withdrew the notice to seek life without parole at Petitioner's guilty plea. (See R. at 4, 9.) After Petitioner pled guilty, he was sentenced to sixteen years. (R. at 40.) The PCR court specifically found that Petitioner pled guilty to "gain the benefit of the bargain in avoiding a potential life without parole sentence on a charge he readily admitted he was guilty of." (R. at 103.) On these facts, the undersigned recommends granting summary judgment to Respondent on Ground Two. See 28 U.S.C. § 2254(d); see also Doe v. Woodford, 508 F.3d 563, 572 (9th Cir. 2007) (rejecting involuntary plea argument where the petitioner "participated in a thorough plea colloquy, in which he answered in the affirmative that his plea was voluntary under the circumstances and, specifically answered in the affirmative when asked if he had had enough time to discuss the plea with his attorneys"); United States v. Solomon, 106 Fed. App'x 170, 171 (4th Cir. 2004); United States v. Robinson, 82 Fed. App'x 322, 323 (4th Cir. 2003) ("Robinson's plea colloquy reveals that his plea was knowingly and voluntarily entered into."); United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991); Ridgeway v. Stevenson, No. 3:10-490-RBH, 2011 WL 666124, at *6-7 (D.S.C. Feb. 11, 2011) (rejecting the petitioner's

claim that there was a violation of <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969), where the petitioner contended that "there [was] no evidence that anyone, neither trial counsel nor the court, even explained to petitioner the actual elements of the charged offenses prior to accepting petitioner's guilty plea" because, inter alia, while "the plea is invalid" where "a defendant pleads guilty to a crime without having been informed of the crime's elements," "the United States Supreme Court has never held that the judge himself must explain the elements of each charge to the defendant on the record").

### III. Ground Three

Petitioner asserts in Ground Three that his plea counsel was constitutionally ineffective. Petitioner states, "Petitioner counsel at plea hearing was ineffective to enter Petitioner into an 16-11-330(A) armed robbery plea; as no weapon or the expression there of was used . . . ." (Dkt. No. 1.) In his Response in Opposition, Petitioner complains that counsel "was ineffective for failing to investigate the discovery materials with Petitioner concerning the statement the victim had given the day of the incident, which plainly shows there was no weapon mention[ed]." (Dkt. No. 17 at 19 of 22.) Petitioner asserts he had a defense to the charge of armed robbery, and references the victim's written statement. (Dkt. No. 17 at 5 of 22.) Petitioner complains that "[c]ounsel did not explain to Petitioner concerning the plea that it could have been possible to plead out to a strong-arm robbery." (Dkt. No. 17 at 20 of 22.)

Respondent seeks summary judgment on Ground Three, asserting Petitioner does not meet the standard set forth in § 2254(d). The undersigned agrees. The United States Supreme Court has said that a meritorious ineffective assistance of counsel claim must show two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-96 (1984). A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance.   <u>Id</u>. at 689.   "[A] court

must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation marks and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n.8 (4th Cir. 2008); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297–99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985).  In order to establish the second prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." Id. While Strickland itself is a deferential standard, when both § 2254(d) and Strickland apply, "review is doubly" deferential. Harrington v. Richter, 131 S.Ct. 770, 788 (2011). Indeed, when § 2254(d) applies, "[t]he question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 131 S.Ct. at 788.

The two-part test enunciated in Strickland applies to challenges to guilty pleas based on ineffective assistance of counsel. See Hilll v. Lockhart, 474 U.S. 52, 58 (1985). "[I]n order to satisfy the 'prejudice' requirement [set forth in Strickland], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

The PCR court addressed Petitioner's contention that counsel was ineffective along with Petitioner's contention that his guilty plea was invalid because Petitioner "allege[d] counsel was ineffective in his representation which in turn forced [Petitioner] to enter a plea involuntarily." (R. at 100.) As such, the relevant passage from the PCR court's order is quoted above in the discussion of Ground Two. However, because Ground Two and Ground Three are not identical, a brief discussion of Ground Three is warranted.

13

The PCR court found "counsel's testimony to be credible while finding [Petitioner's] testimony to be wholly incredible." (R. at 102.) Such factual findings on credibility are "presumed to be correct"; Petitioner has the "burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Wilson v. Ozmint, 352 F.3d 847, 858 (4th Cir. 2003). Petitioner has not met that burden. In addition, the PCR court found that Petitioner failed to establish any prejudice from counsel's alleged deficiencies. The PCR court stated,

> [T]his Court finds Applicant has failed to sufficiently prove resulting prejudice based on these alleged deficiencies. Applicant plainly stated he entered the plea to avoid receiving a life without parole sentence at trial and in no way convinced this Court that, had counsel taken some further action, Applicant would have proceeded to trial to face such a severe sentence rather than take the benefit of a plea offer.

(R. at 103.) The state court's application of the Strickland standard was not unreasonable. See Harrington, 131 S. Ct. at 785; see also Fisher v. Lee, 215 F.3d 438, 446 (rejecting claim that state court order contained erroneous factual findings, and stating, "As the district court correctly concluded, [the petitioner] has not shown that the state court findings are unreasonable, unsupported, or otherwise erroneous. Indeed, they are supported by competent evidence."). Petitioner's allegation that the robbery did not involve a weapon was discussed above; there is certainly evidence a gun was used in the robbery. In addition, counsel testified at the PCR hearing that to get Petitioner's contention before the jury, Petitioner would "obviously have to testify," which would have been problematic due to Petitioner's "prior car jacking, which was an impeachable offense." (R. at 90.)[6] Despite Petitioner's contention in his Response in Opposition that "[c]ounsel did not explain to Petitioner concerning the plea that it could have been possible to plead out to a strong-arm

---

[6]And, although counsel did not file the motion, given Petitioner's guilty plea, counsel stated that he "did prepare a motion and memorandum to exclude" the carjacking offense from trial. (R. at 90.)

robbery," the facts do not support that contention. (Dkt. No. 17 at 20 of 22.) Petitioner's counsel testified that he "ask[ed] for strong-arm robbery" on Petitioner's behalf, but the solicitor said no. (R. at 94.)

Petitioner has not shown that the state court's rejection of his ineffective assistance of counsel claim meets the standard set forth in § 2254(d). The undersigned therefore recommends granting summary judgment to Respondent on Ground Three.

## CONCLUSION

It is RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 14) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. It is further RECOMMENDED that a certificate of appealability be denied.[7]

IT IS SO RECOMMENDED.

WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

June 20, 2014
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[7]     Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).